IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS GARCIA ID # 47487-177,<br>　　　　Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:17-CV-1466-L-BH<br>No. 3:13-CR-0440-L-BH (8)<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion under 28 U.S.C. § 2255, to Vacate, Correct or Set Aside Sentence by a Person in Federal Custody*, received July 13, 2017 (doc. 7), should be **DENIED** with prejudice.

**I. BACKGROUND**

Jesus Garcia (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-440-L(8). The respondent is the United States of America (Government).

On January 7, 2014, Movant was charged by superseding indictment with conspiracy to possess with intent to distribute cocaine and cocaine base (count one) and conspiracy to possess with intent to distribute methamphetamine (count two) in violation of 21 U.S.C. § 846. (*See* doc. 95.)[1] He pled guilty to count one of the indictment under a plea agreement on November 4, 2014. (*See* docs. 274, 647.) He also stipulated to facts regarding the offense in a factual resume. (*See* doc. 273.)

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-440-L(8).

The United States Probation Office (USPO) filed a Presentence Report (PSR) on March 6, 2015. (*See* doc. 423-1.) Applying the 2014 United States Sentencing Guidelines Manual (USSG), the PSR found a base offense level of 32. (*See id*. at 9, ¶¶ 29-30.) Two offense levels were added under USSG § 2D1.1(b)(1) for possession of a firearm. (*See id*. at ¶ 31.) Two levels were added under USSG § 2D1.1(b)(12) for maintaining at least four premises for the purpose of distributing a controlled substance. (*See id*. at ¶ 32.) Four levels were added under USSG § 3B1.1(a) for his role as a leader and organizer of a criminal activity that involved five or more participants. (*See id*. at 10, ¶ 34.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 37. (*See id*., ¶¶ 38-40.) With a criminal history category of one, the resulting guideline range was 210-262 months. (*See id*. at 14, ¶ 66.)

The sentencing hearing was held on January 4, 2016. (*See* doc. 648.) Movant objected to the enhancement for his role as a leader. (*See* docs. 571 at 2, 648 at 7-8.) The Court overruled the objection, adopted the facts set forth in the PSR, and sentenced him to 216 months' imprisonment. (*See* docs. 603 at 2, 604 at 4, 648 at 11-13). Count two of the indictment was dismissed. (*See* doc. 603 at 1.) On appeal, counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed as frivolous. (*See* doc. 657; *United States v. Garcia*, No. 16-10384 (5th Cir. Feb. 10, 2017).)

In his § 2255 motion, Movant contends that the Court erred by applying the two-level leadership role enhancement of USSG § 3B1.1(a). (*See* 3:17-CV-1466-L, doc. 7 at 7.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  SENTENCE ENHANCEMENT

Movant contends that the two-level increase of USSG § 3B1.1(a) for a leadership role was erroneously applied to him because he did not supervise five or more participants in the offense.

Movant's claim regarding the application of the United States Sentencing Guidelines is not cognizable under § 2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in a § 2255 proceeding); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.

1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255.").

On appeal, Movant contended that the enhancement under USSG § 3B1.1(a) was unsupported. *See United States v. Garcia*, No. 16-10384, Appellant's brief at 16-19. The appeal was dismissed as frivolous, so this claim was rejected. (*See* doc. 657; *United States v. Garcia*, No. 16-10384 (5th Cir. Feb. 10, 2017).) It may not be raised and considered in this § 2255 case. *See United States v. Rocha*, 109 F.3d 225, 229 (5th Cir.1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

The claim also lacks merit. Under USSG § 3B1.1(a), there is a four-level increase if the defendant was an organizer or leader of a criminal activity that involved five or more participants. A participant is someone who is criminally responsible for the offense, but a person need not have been convicted of the offense to be a participant. USSG § 3B1.1(a), note 1. Application Note 4 to USSG § 3B1.1(a) states:

> Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.

According to the PSR, which was adopted, Movant directed four co-defendants and one unindicted co-conspirator to act as runners to distribute cocaine to Movant's customers. (*See* doc. 423-1 at 10, ¶ 34.) He provided his runners with cell phones for use in distributing cocaine. (*See id*.) He exercised decision-making authority over the conspiracy, and he recruited at least five

4

participants to act as runners and assist with the storage, cooking, repackaging, and distribution of drugs. (*See id*.) The Court did not err in concluding that he was a leader or organizer of five or more participants in the offense. *See United States v. Ramirez*, 555 F. App'x 315, 322-23 (5th Cir. 2014) (enhancement under § 3B1.1(a) was not clearly erroneous where defendant recruited other participants and directed their activity, including instructing others to deliver cocaine to co-conspirators).

## IV.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 17th day of July, 2017.

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE